Z. Kathryn Branson, Esq.
Nevada Bar No. 11540
LITTLER MENDELSON, P.C.
8474 Rozita Lee Avenue
Suite 200
Las Vegas, NV 89113.4770
Telephone:    702.862.8800
Facsimile:    702.862.8811
kbranson@littler.com

Attorneys for Defendant
WALMART INC.

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MATTHEW TIMOTHY MESLOH,<br><br>Plaintiff,<br><br>v.<br><br>WALMART INC.<br>DOES 1 through X inclusive and ROE Business Entities I through X, inclusive,<br><br>Defendants. | Case No.<br><br>**NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION FROM STATE COURT**<br><br>**(28 U.S.C. §§ 1331, 1332, 1367, 1441, AND 1446)**<br><br>**(FEDERAL QUESTION AND DIVERSITY)** |

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEVADA:

Please take notice that Defendant WALMART INC. ("Defendant") hereby removes this action from the Second Judicial District Court in and for Washoe County, Nevada, to this Court under 28 U.S.C. §§ 1331, 1332, 1367, 1441, and 1446. Defendant seeks this timely removal on the bases of the Court's federal question, diversity, and supplemental jurisdiction. In support of this Notice of Removal, Defendant makes the following statement:

1.    On July 1, 2025, Plaintiff MATTHEW TIMOTHY MESLOH ("Plaintiff") filed an Amended Complaint (the "Amended Complaint" or "Am. Compl.") in the Second Judicial District Court in and for Washoe County, Nevada (the "State Court"), entitled *Matthew Timothy Mesloh*

LITTLER MENDELSON, P.C.
Attorneys At Law
8474 Rozita Lee Avenue
Suite 200
Las Vegas, Nevada 89113.4770
702.862.8800

*v. Walmart Inc.[,] Does 1 through X inclusive and Roe Business Entities I through X, inclusive* (Case No. CV24-02189). A true and correct copy of the Amended Complaint is attached hereto as **Exhibit 1**.

2. Plaintiff filed his original complaint with the State Court on March 11, 2025. A true and correct copy of the original complaint is attached hereto as **Exhibit 2** [Transaction No. 10885162].

3. Plaintiff filed a summons with the State Court on April 7, 2025. A true and correct copy of the original summons is attached hereto as **Exhibit 3** [Transaction No. 10936472].

4. As Plaintiff did not properly effect service of the original complaint, Defendant did not enter its appearance in the State Court action prior to entry of the State Court Clerk's Default on April 17, 2025. A true and correct copy of the State Court Clerk's Default is attached hereto as **Exhibit 4** [Transaction No. 10957662].

5. Plaintiff filed a "Request for Submission" for default and supporting declaration with the State Court on April 17, 2025. A true and correct copy of Plaintiff's "Request for Submission" for default and supporting declaration filed with the State Court is attached hereto as **Exhibit 5** [Transaction No. 10957930].

6. The State Court denied Plaintiff's application for default judgment on June 3, 2025. A true and correct copy of the State Court's denial of default judgment is attached hereto as **Exhibit 6** [Transaction No. 11044502].

7. On June 16, 2025, Defendant filed its Notice of Appearance in the State Court. A true and correct copy of Defendant's Notice of Appearance in the State Court is attached hereto as **Exhibit 7** [Transaction No. 11069932].

8. Defendant also filed a Motion to Set Aside Default on June 16, 2025, along with a supporting declaration and exhibits. A true and correct copy of Defendant's Motion to Set Aside Default and supporting declaration and exhibits is attached hereto as **Exhibit 8** [Transaction No. 11069730].

LITTLER MENDELSON, P.C.
Attorneys At Law
8474 Rozita Lee Avenue
Suite 200
Las Vegas, Nevada 89113.4770
702.862.8800

2

9.      In response to Defendant's Motion to Set Aside Default, Plaintiff filed his operative Amended Complaint in State Court on July 1, 2025. *See* **Exhibit 1**.

10.      Plaintiff filed a summons form on July 2, 2025 with the State Court. A true and correct copy of Defendant's July 2, 2025 summons form filed with the State Court is attached hereto as **Exhibit 9** [Transaction No. 11099851].

11.      However, the State Court struck that filing from its docket as an "unsigned paper filed document" on the same day. A true and correct copy of the State Court's July 2, 2025 order striking Plaintiff's summons form is attached hereto as **Exhibit 10** [Transaction No. 11099887].

12.      Plaintiff effected service of the summons and the Amended Complaint on Defendant by mail postmarked July 3, 2025, which was received by Defendant's statutory agent on July 8, 2025. A true and correct copy of the summons is attached here as **Exhibit 11**. A true and correct copy of the proof of service is attached here as **Exhibit 12**. Because Defendant seeks removal within 30 days of service of the Amended Complaint, and because this Notice of Removal is filed on or before August 7, 2025, this Notice of Removal is timely. *See* 28 U.S.C. § 1446(b)(1).

13.      Plaintiff alleges five causes of action in his Amended Complaint: (1) Breach of Contract; (2) Employment Disability Discrimination [in violation of the Americans with Disabilities Act ("ADA")]; (3) Negligence; (4) Equitable Tolling to pause the EEOC ninety-day statue to file this case; and (5) Wrongful Termination. (Am. Compl. ¶¶ 28-39).

14.      The Court has original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331 (federal question). In addition, the Court has supplemental jurisdiction "over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). "A state law claim is part of the same case or controversy when it shares a 'common nucleus of operative fact' with the federal claims and the state and federal claims would normally be tried together." *Bahrampour v. Lampert*, 356 F.3d 969, 978 (9th Cir. 2004) (citations and internal quotation marks omitted). The Ninth Circuit has explained that the exercise of supplemental jurisdiction is mandatory "unless a

LITTLER MENDELSON, P.C.
Attorneys At Law
8474 Rozita Lee Avenue
Suite 200
Las Vegas, Nevada 89113.4770
702.862.8800

3

court properly invokes a section 1367(c) category." *Exec. Software v. Dist. Court*, 24 F.3d 1545, 1556 (9th Cir. 1994); *see* 28 U.S.C. § 1367(c) (providing that district court may decline supplemental jurisdiction only if (1) "the claim raises a novel or complex issue of State law;" (2) "the claim substantially predominates over the claim or claims over which the district court has original jurisdiction;" (3) "the district court has dismissed all claims over which it has original jurisdiction;" or (4) "in exceptional circumstances," where "there are other compelling reasons for declining jurisdiction").

a.     As his First Cause of Action, Plaintiff alleges Breach of Contract.  (Am. Compl. ¶¶ 28-31).  In support, Plaintiff alleges that (1) he and Defendant "entered into a valid employment contract on date of hire and never finished orientation/job training before he was put to work on the main floor and never finished orientation before his termination;" (2) Defendant "failed to properly train the Plaintiff to perform his job duties correctly;" (3) Defendant "breached contract to provide proper tools to perform his job duties correctly;" and (4) Defendant thus "breached employment contract to where Plaintiff lost out on wages past, present and future."  (*Id*.)  This Court has supplemental jurisdiction over the First Cause of Action because the claim shares a "common nucleus of operative fact" with Plaintiff's federal claim for disability discrimination, set forth in his Second Cause of Action as discussed below (*see infra*, ¶ 16b.), and there are no facts alleged in the Amended Complaint that would permit discretion to decline supplemental jurisdiction.  *See Exec. Software*, 24 F.3d at 1556 (explaining that exercise of supplemental jurisdiction under section 1367(a) is mandatory unless there are facts presented supporting grounds for discretionary decline of jurisdiction under section 1367(c)).  Moreover, given that Plaintiff asserts his First Cause of Action based on the same alleged facts and circumstances as his federal claim in his Second Cause of Action, litigating the claims in the same action would advance the goals of efficiency and judicial economy by ensuring that those facts and circumstances are not litigated twice in separate actions.  *See Ga.-Pac. v. OfficeMax Inc.*, Case No. 12-cv-02797-WHO, 2014 WL 2860267, at *6 (N.D. Cal. June 23, 2014)

LITTLER MENDELSON, P.C.
Attorneys At Law
8474 Rozita Lee Avenue
Suite 200
Las Vegas, Nevada 89113.4770
702.862.8800

4

(observing that purpose of supplemental jurisdiction is to "promote judicial economy" by avoiding "duplicative and fragmented litigation")

b.      As his Second Cause of Action, Plaintiff alleges Employment Disability Discrimination "under the Americans with Disabilities Act of 1990 (ADA)." (Am. Compl. ¶ 32). As such a claim arises under 42 U.S.C. § 12101 *et seq.*, this Court has federal question jurisdiction over the Second Cause of Action because it arises "under the . . . laws . . . of the United States." *See* 28 U.S.C. § 1331.

c.      As his Third Cause of Action, Plaintiff alleges Negligence. (Am. Compl. ¶¶ 35–37). In support, Plaintiff alleges that (1) Defendant "failed to properly train the Plaintiff;" (2) Defendant "Breached Contract and their duties as set forth above;" and (3) Plaintiff "sustained injuries and mental anguish that has resulted from the way the Defendant treated the Plaintiff while [he was employed] at Walmart Inc. store 2453." (*Id.*) This Court has supplemental jurisdiction over the Third Cause of Action because the claim shares a "common nucleus of operative fact" with Plaintiff's federal claim for disability discrimination in his Second Cause of Action, and there are no facts alleged in the Amended Complaint that would permit discretion to decline supplemental jurisdiction. *See, e.g., Smith v. K-Mart Corp.*, 899 F. Supp. 503, 506 (E.D. Wash. 1995) (refusing to remand state-law claims of negligence and negligent supervision/retention based on alleged age discrimination, notwithstanding that such claims might "require a showing of duty and breach of duty that goes beyond what is necessary to establish the federal claims"). Moreover, given that Plaintiff asserts his Third Cause of Action based on the same alleged facts and circumstances as his federal claim in his Second Cause of Action, litigating the claims in the same action would advance the goals of efficiency and judicial economy by ensuring that those facts and circumstances are not litigated twice in separate actions. *See Ga.-Pac.*, 2014 WL 2860267 at *6.

d.      As his Fourth Cause of Action, Plaintiff alleges "Equitable Tolling to pause the EEOC ninety-day statu[t]e to file this case" and admits his ADA claim is untimely:

LITTLER MENDELSON, P.C.
Attorneys At Law
8474 Rozita Lee Avenue
Suite 200
Las Vegas, Nevada 89113.4770
702.862.8800

"D[ue] to extenuating circumstances out of the Plaintiff's control of his father passing away made him late filing this case on time [*sic*]." (Am. Compl. ¶ 38). Regardless, as equitable tolling is a legal remedy and not an independent cause of action, Plaintiff's Fourth Cause of Action does not plead a standalone claim and thus is irrelevant to the Court's removal analysis. *See Iwaniszek v. Pride Transport, Inc.*, No. 2:17-cv-02918-JCM-BNW, 2021 WL 634991, at *7 n.10 (D. Nev. Feb. 17, 2021) ("A remedy can be requested in connection with a substantive claim, but a remedy cannot be a standalone claim." (citation omitted)).

e.    As his Fifth Cause of Action, Plaintiff alleges Wrongful Termination. (Am. Compl. ¶ 39). In support, Plaintiff alleges that (1) Defendant "wrongfully terminated and violated the Plaintiffs Civil Rights;" (2) Defendant "did not even try to work with him or try to help the situation;" (3) Plaintiff "should have been offered accommodations and leave options before [Defendant] terminated the Plaintiff[']s employment;" and (4) Plaintiff "was a[n] employee with a disability covered under the Americans with Disabilities Act of 1990 (ADA)." (*Id.*) This Court has supplemental jurisdiction over the Fifth Cause of Action because the claim shares a "common nucleus of operative fact" with Plaintiff's federal claim for disability discrimination in his Second Cause of Action, and there are no facts alleged in the Amended Complaint that would permit discretion to decline supplemental jurisdiction. *See Exec. Software*, 24 F.3d at 1556. Moreover, given that Plaintiff asserts his Fifth Cause of Action based on the same alleged facts and circumstances as his federal claim in his Second Cause of Action, litigating the claims in the same action would advance the goals of efficiency and judicial economy by ensuring that those facts and circumstances are not litigated twice in separate actions. *See Ga.-Pac.*, 2014 WL 2860267 at *6.

15.    This Court also has original jurisdiction over Plaintiff's claims under 28 U.S.C. § 1332 (diversity) because the action is between citizens of different states, and the matter in controversy exceeds $75,000.00, exclusive of interest and costs.

a.    Plaintiff alleges in his Amended Complaint that he "is a[n] individual who is currently and was at all relevant times herein a resident of the state of Nevada county of Churchill

LITTLER MENDELSON, P.C.
Attorneys At Law
8474 Rozita Lee Avenue
Suite 200
Las Vegas, Nevada 89113.4770
702.862.8800

6

city of Fallon [*sic*]." (Am. Compl. ¶ 2). He is therefore a citizen of Nevada. *See Mondragon v. Capital One Auto Fin.*, 736 F.3d 880, 885 (9th Cir. 2013) ("[N]umerous courts treat a person's residence as prima facie evidence of the person's domicile [for purposes of determining an individual's citizenship under 28 U.S.C. § 1332].") (citing *Anderson v. Wyatt*, 138 U.S. 694, 706 (1891)).

   b.      Plaintiff correctly alleges in his Amended Complaint that Defendant is a citizen of a state other than Nevada. (Am. Compl. ¶ 3).[1]

   c.      Plaintiff's Amended Complaint expressly pleads damages in the amount of "$200,000.00 USD" for each of his claims, culminating in "all the accumulated sum of relief which is a total of $1,000,000.00 USD with interest at a statutory rate of 10%." (Am. Compl., WHEREFORE clause, ¶¶ 1-7).

   d.      Even if Plaintiff did not specify his damages in dollar amount, his claims would still satisfy the amount in controversy required for removal based on diversity of citizenship. If the initial pleading seeks a money judgment but does not demand a specific sum, "the notice of removal may assert the amount in controversy," 28 U.S.C. § 1446(c)(2), and a removing defendant "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014). Here, the amount in controversy exceeds $75,000 for the reasons stated in subparagraphs (e) through (g):

   e.      Plaintiff seeks monetary relief by virtue of his Amended Complaint in the form of general damages and special damages. (Am. Compl., WHEREFORE clause).

   f.      It is eminently reasonable to expect that the sum at stake in this litigation is in excess of $75,000.00 based solely on this demand for general and special damages. A review of jury verdicts on disability discrimination claims in Nevada federal and state courts from the last 15 years reveals that juries have rendered compensatory damages awards as high as $627,916. *See*

[1] Plaintiff pleads that "Defendant Walmart Inc. is located…[in] Bentonville AR." (Am. Compl. ¶ 3). Although Plaintiff thus correctly alleges facts that would show Defendant is a citizen of Arkansas, he also erroneously states that Defendant "is a corporation organized and existing by virtue of the laws of the state of Nevada…." (*Id.*) In fact, Defendant is a corporation organized under the laws of Delaware, with its principal place of business is in Arkansas.

LITTLER MENDELSON, P.C.
Attorneys At Law
8474 Rozita Lee Avenue
Suite 200
Las Vegas, Nevada 89113.4770
702.862.8800

*Beckwith v. Dillards Dep't Stores*, Case No. A-364-772, 1997 WL 1716547 (Nev. Dist. Ct. Nov. 1, 1997). The *lowest* compensatory damages award that a Nevada jury has been willing to render still fell within striking distance of the jurisdictional threshold at $64,217. *See Reaser v. Potlatch Corp.*, Case No. A565184, 2010 WL 7058511 (Nev. Dist. Ct. Mar. 23, 2010). Notably, the plaintiff in *Reaser* also obtained a punitive damages award of $35,000, bringing her total award to $99,217. *See id.* Finally, the median compensatory damages award in a disability discrimination case easily surpassed the jurisdictional threshold at $92,786. *See Brinson v. Rancho Haven Prop. Owners Asso'n*, CV07-01636, 2009 WL 8378721 (Nev. Dist. Ct. Jan. 15, 2009).

g.    Under the Americans with Disabilities Act (the "ADA"), punitive damages are limited by statute to $50,000 for employers with between 15 and 100 employees, and caps increase for employers with 101 employees or more. 42 U.S.C. § 1981a(b)(3). Accordingly, even assuming the lowest cap applies, Plaintiff's request for punitive damages puts an additional $50,000 at stake in this litigation.

16.    Venue is proper in this Court as this is the court for the district and division embracing the place where the action is pending in state court. *See* 28 U.S.C. §§ 108, 1441(a).

17.    No other defendants are required to join this Notice of Removal.

18.    Defendant will contemporaneously provide written notice of this removal to all adverse parties in accordance with 28 U.S.C. § 1446(d). A copy of that notice is attached here as **Exhibit 13**.

19.    Defendant will also contemporaneously provide notice of removal of the action with the Second Judicial District Court in and for Washoe County, Nevada, in accordance with 28 U.S.C. § 1446(d). A copy of that notice is attached as **Exhibit 14**.

20.    Defendant has attached all pleadings, process, and orders that it has received in this action. Defendant has received no other process, pleadings, or orders other than those attached to this Notice of Removal.

LITTLER MENDELSON, P.C.
Attorneys At Law
8474 Rozita Lee Avenue
Suite 200
Las Vegas, Nevada 89113.4770
702.862.8800

8

WHEREFORE, Defendant prays that the above-referenced action now pending against it in the Second Judicial District Court in and for Washoe County, Nevada, be removed therefrom to this Court.

Dated:  July 24, 2025

Respectfully submitted,

/
Z. Kathryn Branson, Esq.
LITTLER MENDELSON, P.C.

Attorneys for Defendant
WALMART INC.

LITTLER MENDELSON, P.C.
Attorneys At Law
8474 Rozita Lee Avenue
Suite 200
Las Vegas, Nevada 89113.4770
702.862.8800

## PROOF OF SERVICE

I am a resident of the State of Nevada, over the age of eighteen years, and not a party to the within action. My business address is 3960 Howard Hughes Parkway, Suite 300, Las Vegas, Nevada  89169-5937. On July 24, 2025, I served the within document(s):

### NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION FROM STATE COURT

☒    By **CM/ECF Filing** – Pursuant to FRCP 5(b)(3) and LR 5-1, the above-referenced document was electronically filed and served upon the parties listed below through the Court's Case Management and Electronic Case Filing (CM/ECF) system.

☒    By **Email** - by e-mailing a copy of the document(s) listed above to the person(s) at the e-mail address(es) set forth below.

☒    By **United States Mail** – a true copy of the document(s) listed above for collection and mailing following the firm's ordinary business practice in a sealed envelope with postage thereon fully prepaid for deposit in the United States mail at Las Vegas, Nevada addressed as set forth below.

Matthew Timothy Mesloh
136 W. 2nd Street, Apt. #325
Reno, NV 89501
embrutalguitars@gmail.com

I declare under penalty of perjury that the foregoing is true and correct.  Executed on July 24, 2025, at Las Vegas, Nevada.

/s/ Joanne Conti
Joanne Conti

LITTLER MENDELSON, P.C.
Attorneys At Law
8474 Rozita Lee Avenue
Suite 200
Las Vegas, Nevada 89113.4770
702.862.8800

10